

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CARGILL, INCORPORATED**<br><br>Plaintiff<br><br>VERSUS<br><br>M/V BOW PANTHER, her engines, tackle, apparel, etc., *in rem*, ODFJELL ASIA PTE LTD., ODFJELL ASIA II PTE LTD., ODFJELL SEACHEM AS and ODFJELL MANAGEMENT AS, *in personam*<br><br>Defendants | CIVIL ACTION NO.<br><br>**10-1060**<br><br>**SECT. C MAG. 1** |

## VERIFIED COMPLAINT

TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF LOUISIANA:

NOW COMES plaintiff, Cargill, Incorporated, through undersigned counsel, and for its complaint against the M/V BOW PANTHER, *in rem*, and ODFJELL ASIA PTE LTD., ODFJELL ASIA II PTE LTD., ODFJELL SEACHEM AS, and ODFJELL MANAGEMENT AS, *in personam*, avers:

1.

This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. Jurisdiction is based on 28 U.S.C. § 1333.

2.

Plaintiff CARGILL, INCORPORATED is a corporation organized and existing pursuant to the laws of the state of Delaware, with its principal office in Wyzata, Minnesota, and was the owner, consignee and/or successor in title to consignments of vegetable oils in bulk that were shipped on board the M/V BOW PANTHER as more fully described below.

3.

At all material times the M/V BOW PANTHER, IMO No. 8316728, was and still is an ocean-going cargo vessel engaged in the common carriage of goods by sea for hire between various foreign and domestic ports, including the ports of Kuantan, Malaysia; Panacan Davao City, Philippines; New Orleans, Louisiana; and Savannah, Georgia, and is now or will be during the pendency of process hereunder, within this district and within the jurisdiction of this Court.

4.

At all material times, defendant ODFJELL ASIA PTE LTD. was and still is a corporation or other legal entity organized and existing pursuant to the laws of a state other than Louisiana or of a foreign country, and was the owner and/or operator and/or charterer of the M/V BOW PANTHER, and was engaged in the common carriage of merchandise by water for hire.

5.

At all material times, defendant ODFJELL ASIA II PTE LTD. was and still is a corporation or other legal entity organized and existing pursuant to the laws of a state other than Louisiana or of a foreign country, and was the owner and/or operator and/or charterer of the M/V BOW PANTHER, and was engaged in the common carriage of merchandise by water for hire.

6.

At all material times, defendant ODFJELLSEACHEM AS was and still is a corporation or other legal entity organized and existing pursuant to the laws of a state other than Louisiana or of a foreign country, and was the owner and/or operator and/or charterer of the M/V BOW PANTHER, and was engaged in the common carriage of merchandise by water for hire.

7.

At all material times, defendant ODFJELL MANAGEMENT AS was and still is a corporation or other legal entity organized and existing pursuant to the laws of a state other than Louisiana or of a foreign country, and was the owner and/or operator and/or manager and/or charterer of the M/V BOW PANTHER.

8.

On about February 2 through 17, 2009, consignments of vegetable oil in bulk consigned to plaintiff were delivered in good order and condition to the defendants and the M/V BOW PANTHER at Kuantan, Malaysia and/or Panacan Davao City, Philippines and/or other load ports, for carriage to New Orleans, Louisiana and Savannah, Georgia in accordance with the terms of one or more

contracts of carriage, which were signed and delivered to the shippers of said cargo by defendants, or by the Master of the M/V BOW PANTHER and/or his duly authorized agent.

9.

Thereafter, the cargo was loaded aboard the M/V BOW PANTHER, and having said cargo on board, the vessel sailed from the load ports, and subsequently arrived at New Orleans and/or Savannah, where, upon discharge, the cargo was in a damaged condition, thereby causing losses and damages to CARGILL, INCORPORATED.

10.

The damage to the cargo was not caused by any act or omission of CARGILL, INCORPORATED or those for whom it may be responsible, but instead was caused by the negligence, fault, breach of duty, or breach of contract or warranty of the defendants, and/or the unseaworthiness of the M/V BOW PANTHER.

11.

The applicable contracts of carriage are governed by the general maritime law of the United States and/or the Carriage of Goods by Sea Act, 46 U.S.C. § 1301, *et seq.*, and/or other applicable laws or conventions.

12.

Prior to the commencement of this action CARGILL, INCORPORATED became the owner for value of the cargo in question, and/or the successor in title to the rights and interest of the owner of said cargo, and brings this action on behalf of, and for the interest of, all parties who are or may become interested in the cargo in question as their respective interest may ultimately appear.

13.

By reason of the premises, CARGILL, INCORPORATED has a maritime lien on the vessel.

14.

All conditions precedent to CARGILL, INCORPORATED recovering the losses and damages described herein have occurred or have been performed by CARGILL, INCORPORATED and/or its predecessors in title.

15.

All and singular, the maters alleged are true and the correct.

16.

CARGILL, INCORPORATED reserves the right to amend and supplement this complaint as further facts become available.

**WHEREFORE**, plaintiff CARGILL, INCORPORATED prays that:

1)      The Clerk of Court issue a warrant for the arrest and/or attachment of the M/V BOW PANTHER, IMO No. 9237204, her engines, tackle, apparel, etc. and that all persons claiming any right, title or interest in said vessel may be summoned to appear and answer under oath all and singular the matters aforesaid and that said vessel may be condemned and sold to pay the demand as aforesaid, together with interest thereon, costs and attorneys' fees;

2)      Process in due form of law issue against defendants ODFJELL ASIA PTE LTD., ODFJELL ASIA II PTE LTD., ODFJELL SEACHEM AS, and ODFJELL MANAGEMENT AS, citing them to appear and answer this Verified Complaint;

3)     Judgment be entered in favor of plaintiff CARGILL, INCORPORATED and against defendants the M/V BOW PANTHER, her engines, tackle, apparel, etc., *in rem*, ODFJELL ASIA PTE LTD., ODFJELL ASIA II PTE LTD., ODFJELL SEACHEM AS and ODFJELL MANAGEMENT AS, *in personam*, for all sums shown to be due and owing at trial, together with interest and costs.

4)     That plaintiff, CARGILL, INCORPORATED be awarded such other relief as it may be entitled to receive.

DEUTSCH, KERRIGAN & STILES, L.L.P.

_____
JOHN F. FAY, JR. (La. Bar #1870), T.A.
PAUL D. HALE (La. Bar #30539)
755 Magazine Street
New Orleans, Louisiana 70130
Tel: (504) 581-5141
Fax: (504) 566-1201
**Attorneys for CARGILL, INCORPORATED**

**PLEASE WITHHOLD ISSUANCE OF WARRANT OF *IN REM* ARREST UNTIL FURTHER NOTICE**

**PLEASE ISSUE SUMMONSES AND COMPLAINT TO:**

**ODFJELL ASIA PTE LTD.**
**6 Shenton Way, #27-08/09**
**DBS Tower 2**
**Singapore**
**SINGAPORE**

**ODFJELL ASIA II PTE LTD.**
6 Shenton Way, #27-08/09
DBS Tower 2
Singapore
SINGAPORE

**ODFJELL SEACHEM AS**
P.O. Box 6101
Conrad Mohrsvei 29
Bergen  5892
NORWAY

**ODFJELL MANAGEMENT AS**
P.O. Box 6101
Conrad Mohrsvei 29
Bergen  5892
NORWAY

## VERIFICATION

**STATE OF LOUISIANA**

**PARISH OF ORLEANS**

**BEFORE ME**, the undersigned authority, personally appeared

**JOHN F. FAY, JR.**

who was deposed and said that he is a partner in the firm of Deutsch, Kerrigan & Stiles, L.L.P., counsel for plaintiff herein, that he has read the above and foregoing Verified Complaint and knows the contents thereof and believes that the same are true and correct to the best of his knowledge and belief; that the sources of his knowledge and the grounds for his belief are various documents furnished and statements made to him by representatives of plaintiffs, and that the reason this verification is made by deponent and not by plaintiff is that plaintiff is a corporation, no officer of which is presently within this district.

_____
**JOHN F. FAY, JR.**

**SWORN TO AND SUBSCRIBED** before
me this 7th day of April, 2008.

_____
**NOTARY PUBLIC**
Paul D. Hale (La. Bar #30539)
My Commission Expires at Death

#1460157v1<DKS> -Complaint USDC EDLA

8